**Williamson Law Firm, LLC**
**Attorney and Counselor at Law**
218 Delaware St. Suite 207
Kansas City, Mo 64105
Telephone:  (816) 256-4150
Facsimile:   (913) 535-0736
E: l.williamson@thewilliamsonfirm.com
E: k.wichman@thewilliamsonfirm.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MYESHA CHAMBERS, | ) Case No.:  12-CV-1179-EFM-GLR |
| Plaintiff, | ) **COMPLAINT** |
| v. | ) |
| SIMON PROPERTY GROUP, INC., | ) |
| IPC INTERNATIONAL CORPORATION, | ) |
| Defendants. | ) |

## **COMPLAINT**

COMES NOW Plaintiff, by and through her counsel, Lawrence W. Williamson, Jr. and Kevin P. Wichman, of Williamson Law Firm, LLC, and for her causes of action against Defendants, allege and state as follows:

## I. INTRODUCTION

1. Defendants have instituted policies within their organizations that discriminate against members of protected classes in Wichita, Kansas.

2. Indeed, as alleged below, the Defendants have conducted themselves in business endeavors, which fall short of what society deems acceptable behavior.

3. Plaintiff brings this action due to the wrongful manner in which she was treated by the Defendants while Defendants were in pursuit of profit in their business endeavors, and Plaintiff seeks to be whole again, as well as change the hearts and minds of Defendants for the betterment of all.

## II. JURISDICTION AND VENUE

4. The Court has personal jurisdiction over the parties.

5. Venue in this Court is appropriate as the incidents complained of occurred in Wichita, Kansas, plaintiff lived in Wichita, Kansas at the time, and Defendant Simon Property Group's place of business that the incident's occurred at is located in Wichita, Kansas, and Defendant IPC International Corporations security guard service complained of operated at that same location.

3. Subject matter jurisdiction of this Court is invoked under the federal questions grounds pursuant 28 U.S.C. § 1331, and for purposes of plaintiff's civil rights violations pursuant to Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et seq., and its implementing regulations, which prohibits discrimination on the basis of race or color in public accommodations and 28 U.S.C. §§ 1331, 1343 respectively. The Court has jurisdiction over the claim for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202. Venue is proper in this court under 28 U.S.C. § 1391(b).

4. Supplemental Jurisdiction, pursuant 28 U.S.C. § 1367, is had for the claims arising out of the same transaction and occurrences of the federal law claims brought by, and against, the same parties and making up the same case or controversy under Article III of the United States Constitution.

## III. PARTIES

6. Plaintiff, Myesha Chambers, was at all times material hereto, individually a resident of Wichita, Kansas.  Plaintiff at this time resides in Houston, Texas.

7. Defendant, Simon Property Group, Inc.'s principal place of business is located at 225 West Washington Street, Indianapolis, Indiana 46204.  Simon Property Group, Inc. owns and operates the Towne East Square Mall located at 7700 E. Kellogg Dr., Wichita, Kansas 67207 where the incidents complained of occurred.

8. Simon Property Group, Inc., according to their website, is an S&P 100 Company and is the largest real estate company in the world.  The company currently owns or has an interest in 337 retail real estate properties in North America and Asia and has a 29% interest in Klepierre, a publicly traded French company with approximately 270 shopping centers in 13 countries in Europe.  It is headquartered in Indianapolis, Indiana.

9. Defendant, IPC International Corporation provides security services at Towne East Square Mall and has its principal place of business at 2111 Waukegan Road, Bannockburn, IL 60015.

### IV.   GENERAL ALLEGATIONS

10. Plaintiff adopts and incorporates the preceding paragraphs by reference.

11. Plaintiff is a black, African American, woman and thus a member of protected classes.

12. Plaintiff is a petite size, with a small frame of 5'2, and approximately 115 pounds, and while 28 years old, has a youthful face, which, when combined with her small size, people often mistake her for an age of approximately 18 years old.

13. Defendants' security agents and employees were all males.

14. Of Defendants' 10-15 security agents and employees in question that day, to the best of Plaintiff's knowledge were all Caucasian, save for one security guard.

15. Plaintiff entered Town East Square Mall on September 11, 2010 at approximately 2:45PM.

16. Plaintiff entered and shopped briefly at retail establishments in the mall and then went to an eating establishment in the mall, and purchased and ate a meal in the food court.

17. After Plaintiff finished her meal at the food court, she proceeded to go shopping for other items located in various mall establishments.

18. At approximately 3:45PM a male Caucasian security officer, agent of Defendants, named Dietrich Davis, approached her within the middle corridor of the mall as she was leaving one of the department stores and instructed her to pull up her pants.

19. Plaintiff's pants were conformed with acceptable societal norms and did not expose any body parts.

20. Plaintiff did not yell or become belligerent, but walked away from the aggressive and confrontational behavior of Defendants' security agent as the agent has no authority to instruct Plaintiff to wear her pants in a certain way. Yet Defendants' security agent continued to repeatedly call her and continued to follow her as Plaintiff tried to walk away from him.

21. Defendants' security agent trailed behind her, and made ridiculing comments to approaching patrons and others, stating that Plaintiff was "taking the walk of shame."

22. Plaintiff tried to escape the embarrassment and attempted to board the elevator, yet Defendants' security agent jumped ahead of her and blocked her from boarding. Defendants' security agent then physically attempted to force Plaintiff to turn around and head in another direction in order to continue to harass her and make her feel uncomfortable, powerless, and inferior.

23. Plaintiff tried to peacefully get away from the security guard of Defendants again, asking the male Caucasian guard to leave her alone, yet Defendants' security agent continued to follow her to the escalator, while continuing to barrage her with words and actions of derogatory, insulting, belittling, and offensive nature.

24. Defendants' security guard next grabbed one of Plaintiff's arms and put it into a handcuff, then the other. Plaintiff was in shock and embarrassed and tried to draw attention to

herself by getting louder in hopes that a good Samaritan nearby would see the abuse she was receiving and come to her aid.

25. Plaintiff was trapped and surrounded by two to three other male security guards of Defendants where they touched her forcefully and tackled her to the ground while numerous patrons of the establishment stopped and watched in a state of shock and awe.

26. In the on looking crowd were people that Plaintiff knew, or that knew her, as friends and acquaintances of Plaintiff witnessed this attack.

27. Plaintiff shouted out continually that she had not stolen anything from the mall yet she was tackled, shackled, and treated like a criminal.

28. Plaintiff was brought into an office, hidden from normal customer view, within the mall where she was surrounded and intimidated by many more male Caucasian agents and employees of Defendants, whom all showed authority and control over her physical movement.

29. Plaintiff was denied requests to leave, denied requests to make a phone call – even to her family, denied the ability to answer her phone when it rang, and was not told if and when she would be able to leave.

30. Plaintiff was harassed in the room by the security agents of Defendant and had her personal effects, phone, bag, and person searched without her consent and against her express will.

31. When Plaintiff's mother arrived to pick her up after Plaintiff was finally allowed to speak to her, the male Caucasian security guards took her photo and removed her handcuffs.

32. After hours of agony Plaintiff was allowed to leave the room and was forced out of the mall and told that it would be illegal for her to enter, not only that mall, but she could also not enter or seek accommodation from any of the surrounding businesses for blocks than run north and south from Douglas to Kellogg and east to west from Amour Rd to Rock Rd. until September 11, 2011 (one year later).

33. Plaintiff was never found to have done any illegal activity on their premises at any time, despite all of Defendants' security agents' efforts in trying to convict her or embarrass her as such.

34. Plaintiff was wrongfully touched, handled, and detained by the adult male security guards that were the agents and/or employees of Defendants.

35. Defendants, through the actions complained of by Plaintiff, have directly caused Plaintiff to have severe and irreparable damages, pain, and continued suffering and emotional trauma.

36. Defendants are responsible for the hiring, training, and supervision of the security guards that wrongfully touched, handled, and detained Plaintiff.

37. The security guards and other agents and employees acting on Defendants' behalf that day were not new to the job and had been agents and employees of Defendants in those positions, capacity, and authority for a considerable time as Plaintiff says they were acting with little to no hesitation, as if this was not their first time and that they had done these actions regularly.

38. Plaintiff suffered lacerations on her hands, wrists, and arms, bruising on her arms, harmful and offensive contact to her overall body, was tackled, dropped, and forced on to the hard surfaced ground.

39. Plaintiff was forcefully restrained from movement against her expressed will for hours at length while being interrogated by employees of Defendant.

40. Plaintiff had her personal effects, clothing, bag, articles, and cellular phone searched and ravaged through without her consent and against her expressed will.

41. Plaintiff was removed, threatened and commanded to never enter onto Defendants premises or else face similar or worse treatment by agents and/or employees of Defendant.

42. The security guards and other employees and agents of Defendant have yet to receive any known repercussions, reprimands, or adverse action for their behaviors and to Plaintiff's knowledge continue to act on behalf of Defendants.

43. Defendants have yet to receive any adverse action for their behaviors and continue to operate in the same manner of doing business for profit.

## V.  FIRST CAUSE OF ACTION
### (Violation of 42 U.S.C. § 1981)

44. Plaintiff hereby incorporate each and every allegation contained in the preceding paragraphs as if fully alleged herein.

45. Plaintiff is a members of a protected class.  The defendants had the intent to discriminate on the basis of race.  This discrimination interfered with a protected activity as defined in § 1981.

46. As a result of defendants' conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm.  Defendants will continue these acts unless enjoined by the court from doing so.  Thus, declaratory and injunctive relief is sought.  Punitive damages are also sought to discourage the Defendants from engaging in future acts.

## VI.  SECOND CAUSE OF ACTION
### (Public Accommodation Discrimination)

47. Plaintiff hereby incorporates each and every allegation contained in the preceding paragraphs as if fully alleged herein.

48. Plaintiff is a member of a protected class.  The Defendants had the intent to discriminate on the basis of race.  This discrimination prohibited Plaintiff from entering places of public accommodation including places of eating, places of entertainment and establishments located within or surrounding these premises: to wit, Town East Square Mall and surrounding public locations.

49. Plaintiff will suffer irreparable harm if Defendants are not ordered to undertake the injunctive and equitable relief.

50. Plaintiff also request that a judicial determination and declaration be made of the rights of Plaintiff and the corresponding responsibilities of Defendants and that Defendants be ordered to cease and desist from all efforts in preventing African-Americans to seek the accommodation of the Town East Square mall.

## VII.  THIRD CAUSE OF ACTION
### (Negligence)

51. Plaintiff hereby incorporates each and every allegation contained in the preceding paragraphs as if fully alleged herein.

52. Defendants owed Plaintiff a duty of reasonable care.  Defendants breached their respective duties of care to Plaintiff in that Defendants were negligent in employing the guards whom physically attacked and detained Plaintiff.  Defendants knew or should have known of the guard's propensity for violence yet chose to employ such individual.  Moreover, defendants are responsible for the negligence of its employees and agents and the guards that attacked and detained Plaintiff were such agents and/or employees.

53.  As a proximate result of the Defendants' negligent conduct, plaintiffs have general and specific damages, in an amount to be determined according to proof at trial.  Plaintiffs also seek equitable remedies that will force the Defendants to improve their training so as to ensure that other customers will not be harmed in this manner.

## VII. PRAYER FOR RELIEF

A. On behalf of the Plaintiff, all damages which Plaintiff has sustained as a result of Defendants' conduct including, but not limited to, compensatory, general punitive and special damages for the discriminatory practices and negligence of Defendants;

B. Exemplary and punitive damages in an amount commensurate with Defendants' ability to pay and to deter future conduct not less than two million dollars ($2,000,000);

C. Injunctive and equitable relief against defendants and their directors, officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein including but not limited to the following:

1) Declare that Defendants have discriminated on the basis of race by failing to address, prevent, and remedy racial discrimination, and in so doing failed to provide the benefits of its services to Plaintiffs, in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, et seq., and its implementing regulations pursuant to 28 U.S.C. § 2201;

2) Permanently enjoin Defendants, their officers, agents, employees, successors, assigns, and all persons in active concert or participation with them from all unlawful discrimination against consumers on the basis of race;

3) Order defendants to develop, adopt, and timely implement a comprehensive plan that will ensure a discrimination-free environment for all its consumers;

4) Order Defendants to file a report annually with Plaintiff's counsel for three years detailing the implementation of its plan;

5) Order Defendants to provide such relief as is necessary to compensate Plaintiffs for the discrimination to which they were subjected; and

6) An Order appointing a special master to supervise Defendants' compliance with the injunctions described in subparagraphs (C)(1) through (C)(5) above, with such powers of inspection and supervision as are necessary to insure faithful compliance with the Courts' Orders and to restore complete public confidence in the vitality of the rights of free access, assembly, and association in the City of Wichita, Kansas;

D. Costs incurred, including reasonable attorneys' fees, to the extent allowable by law;

E. Pre-Judgment and Post-Judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

DATED: May 16, 2012.

Respectfully submitted,

s/Kevin Wichman
Kevin P. Wichman KS #23857
Lawrence W. Williamson, Jr. KS #21282
**Williamson Law Firm, LLC**
**Attorney and Counselor at Law**
218 Delaware St. Suite 207
Kansas City, Mo 64105
Telephone: (816) 256-4150
Facsimile: (913) 535-0736
E: l.williamson@thewilliamsonfirm.com
E: k.wichman@thewilliamsonfirm.com

*Attorneys for Plaintiff*

**REQUEST FOR JURY TRIAL**

COMES NOW, Plaintiff, seeking a trial by jury on all issues presented herein.

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates Wichita, Kansas as the location for the trial.

s/Kevin Wichman
Kevin P. Wichman KS #23857