# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MYESHA CHAMBERS,

    *Plaintiff,*

v.

    Case No. 12-1179-EFM

SIMON PROPERTY GROUP, L.P., and
IPC INTERNATIONAL CORP.,

    *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Myesha Chambers brought suit against Defendants Simon Property Group, L.P., and IPC International Corp. for allegedly discriminatory treatment she received while shopping at the Towne East Square Mall in Wichita, Kansas. Chambers alleges a violation of 42 U.S.C. § 1981, public accommodation discrimination, and negligent hiring and supervision. Defendants move to dismiss the complaint for failure to state a claim, or in the alternative, request that Chambers submit a more definite statement of her claims. Because Chambers has failed to present plausible claims, the Court grants Defendants' motion to dismiss.

### I.     Factual and Procedural Background

Plaintiff Myesha Chambers alleges the following facts in her lawsuit against Defendants Simon Property Group, L.P., and IPC International Corp. Chambers visited the Towne East Square Mall on the afternoon of September 11, 2010. While shopping, a male Caucasian

security guard employed by Defendants approached Chambers as she was leaving a department store and told her to pull up her pants. Chambers asserts that her pants "conformed with acceptable societal norms and did not expose any body parts." Chambers walked away from the security guard, who allegedly followed her down the hallway making "ridiculing comments" to other patrons and saying that Chambers was "taking 'the walk of shame.'" When Chambers attempted to board an elevator, the guard blocked her path and attempted to physically turn her in another direction. The guard followed Chambers to an escalator "while continuing to barrage her with words and actions of derogatory, insulting, belittling, and offensive nature." The guard then handcuffed Chambers, who began to make a scene in the hopes that another patron would come to her aid. Two or three other male security guards tackled Chambers to the ground and brought her to an office within the mall, where the guards searched her belongings while denying Chambers access to her phone.

When Chambers's mother came to the mall to pick her up, the guards took Chambers's photograph and removed the handcuffs. The guards informed Chambers that she was prohibited from entering the mall and the surrounding businesses for a period of one year. Chambers alleges that she "was wrongfully touched, handled, and detained by the adult male security guards" and that she suffered lacerations, bruises, "offensive contact," and emotional pain and suffering.

Chambers filed her initial Complaint against Defendants on May 16, 2011. Chambers asserts three grounds for recovery: (1) racial discrimination in violation of 42 U.S.C. § 1981; (2) public accommodation discrimination; and (3) negligence (seemingly in the form of negligent hiring and respondeat superior).

Defendants filed their first motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, motion for a more definite statement under Rule 12(e).[1] Defendants first argued that Chambers did not establish a claim under § 1981 because Chambers did not allege facts sufficient to show (1) that Defendants intended to discriminate against Chambers on the basis of race, and (2) that the discrimination interfered with a protected activity. Second, Defendants contended that Chambers's claim of "public accommodation discrimination" is not a recognized cause of action. Finally, Defendants argued that Chambers has not properly pleaded a claim of negligence because she did not specify how Defendants breached any duty of care.

Chambers filed a response to the initial motion to dismiss, and she also moved to amend her Complaint, which the Court granted. Chambers filed an Amended Complaint on August 8, 2012. The Amended Complaint mirrors the initial Complaint with the sole exception being that Chambers correctly named Simon Property Group, L.P., as a defendant, rather than Simon Property Group, Inc. Defendants then filed a second motion to dismiss and referred the Court to their earlier memorandum for legal arguments.

## II. Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[2] Upon such motion, the court must decide "whether the complaint contains 'enough

---

[1] *See* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.").

[2] Fed. R. Civ. P. 12(b)(6).

facts to state a claim to relief that is plausible on its face.'"[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[4] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[5] Under 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[6] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[7] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[8]

### III. Analysis

Defendants contend that Chambers failed to allege facts sufficient to establish her three claims for relief: (1) 42 U.S.C. § 1981, (2) public accommodation discrimination, and (3) negligence. For the following reasons, the Court agrees and finds that Chambers's claims must be dismissed under Rule 12(b)(6).

---

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 566 U.S. at 556).

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[6] *Iqbal*, 556 U.S. at 678–79.

[7] *See id.* at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Citation omitted)).

[8] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

### A. Violation of 42 U.S.C. § 1981

Chambers claims that Defendants violated 42 U.S.C. § 1981 when the white guards mistreated Chambers, a black customer. Section 1981 guarantees "the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."[9] To state a claim under § 1981, a plaintiff must allege facts that support each of the following three elements: (1) the plaintiff is a member of a racial minority; (2) the defendant intended to discriminate on the basis of the plaintiff's race; and (3) the discrimination concerned one or more activities enumerated in § 1981.[10] Defendants in this case argue that Chambers has not pleaded facts sufficient to show that she can prove the second and third elements.

The second element of a § 1981 claim requires plaintiffs to allege the existence of fact that give rise to a reasonable inference that the defendant's action was racially motivated. It is insufficient to simply state that Chambers is black and the security guards were white.[11] Chambers argues that she pleaded facts sufficient to show a racial animus because a white security guard told her to pull up her pants. Chambers contends that low-waisted pants are "a form of dress associated heavily with African Americans." The Court agrees that because common experience could plausibly support Chambers's inference, her allegation satisfies the requirements of notice pleading.

---

[9] 42 U.S.C. § 1981(a).

[10] *See Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101–02 (10th Cir. 2001).

[11] *See Phillips v. Fisher*, 445 F. Supp. 552, 556 (D. Kan. 1977) ("The mere fact that plaintiffs are black does not automatically entitle them to claim that anything that has happened to them has happened because they are black.").

But Chambers has not properly pleaded facts that would support the third factor of her § 1981 claim. Chambers claims that shopping at retail establishments is a protected activity under § 1981 and Defendants deprived her of that right by banishing her from the mall and surrounding area for one year. Section 1981 "has been applied to discrimination claims arising in the retail sector and restaurant industry, when a contract has been established."[12] The established contract must, however, involve the actual loss of contract interest rather than the possible loss of future opportunities to contract.[13] In the context of a retail transaction, therefore, Chambers must demonstrate that "she was *actually prevented* from making a purchase."[14] Chambers's complaint contains no allegations that she was prevented from making any specific purchases. Because Chambers failed to plead facts sufficient to show a plausible claim as to every element of § 1981, that claim must be dismissed under Rule 12(b)(6).

**B.      Public Accommodation Discrimination**

Chambers's second claim for relief asserts that Defendants engaged in public accommodation discrimination. Chambers does not cite the source of this cause of action.[15] Instead, in her response to Defendants' motion to dismiss this claim, Chambers states: "Plaintiff makes claim under any and all statutes that have been violated based on the facts explicitly state, or that could reasonably be inferred from them." But neither Defendants nor the Court are required to divine the specific causes of action being raised. A well-pleaded complaint must

---

[12]     *Hampton*, 247 F.3d at 1102.

[13]     *Id.* at 1104 (citing *Wesley v. Don Stein Buick, Inc.*, 42 F. Supp. 2d 1192, 1200 (D. Kan. 1999)).

[14]     *Wesley*, 42 F. Supp. 2d at1201 (emphasis added) (ruling against a plaintiff's § 1983 claim because the plaintiff failed to demonstrate that she was prevented from actually purchasing a car from the defendant).

[15]     In fact, other than references to 42 U.S.C. § 1981 and one case associated with that claim, Chambers's filings provide no citations whatsoever.

"give the defendant fair notice of what the claim is and the grounds upon which it rests."[16] Simply entitling the claim "public accommodation discrimination" does not inform Defendants, or the Court, of the legal basis upon which Chambers's claim rests. The only "public accommodation discrimination" cases that the Court is aware of are those brought under 42 U.S.C. § 2000a or the Equal Protection Clause of the Constitution. Chambers has not adequately asserted a claim under § 2000a because she has not alleged that she complied with the notification requirement under § 2000a-3(c).[17] And the Equal Protection Clause is not implicated in Chambers's complaint because there is no allegation of state action.[18] Therefore, Chambers's claim of public accommodation discrimination must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**C.     Negligence**

Chambers's third claim alleges that Defendants are liable under a negligence theory of recovery. Chambers asserts that Defendants owed her a duty of reasonable care and breached that duty by employing the guards who detained Chambers. Chambers also states in her complaint that "[D]efendants are responsible for the negligence of its employees and agents and

---

[16] *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[17] Section 2000a-3(c) states that when public accommodation discrimination in violation of the Civil Rights Act occurs in a state "which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings . . . , no civil action may be brought . . . before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person." 42 U.S.C. § 2000a-3(c). Kansas is a state that prohibits discrimination in public accommodations. *See* Kan. Stat. Ann. § 44-1009(c)(1). And the Kansas Act Against Discrimination empowers state officials to file complaints and imposes criminal penalties. *See* Kan. Stat. Ann. §§ 44-1005(b), 44-1013. Therefore, Chambers was required to notify the Kansas Human Rights Commission, in person or by registered mail, of the incident at the mall and then wait at least 30 days before filing this action with the Court.

[18] *See, e.g.*, *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 172 (1972) (noting that the Equal Protection Clause prohibits discriminatory action by the state, but "erects no shield" against private conduct, "however discriminatory or wrongful").

the guards that attacked and detained [Chambers] were such agents and/or employees." In other words, although not explicitly stated, it appears that Chambers is alleging both negligent hiring and respondeat superior.

The doctrine of negligent hiring and retention arises from an employer's duty to use reasonable care in the selection and retention of employees.[19] An employer breaches that duty if the employer knew or should have known that the employee was incompetent or unfit for the position.[20] To survive a motion to dismiss a negligent hiring claim, plaintiffs must allege both the employee's incompetence or unfitness and the employer's actual or constructive knowledge of such incompetence or unfitness.[21] Here, Chambers simply asserted in her Complaint that "Defendants knew or should have known of the guard's propensity for violence," without alleging the existence of any facts that would suggest that the guard has a propensity for violence or reasons that the Defendants should have known of such alleged violent tendencies.[22] Chambers's mere recitation of the elements of a negligent hiring claim are insufficient to survive Defendants' motion to dismiss.[23]

---

[19] *Plains Resources, Inc. v. Gable*, 682 P.2d 653, 662 (Kan. 1984).

[20] *See id.*

[21] *See* 25 Kristine C. Karnezis, *Causes of Action* § 18 (2d ed. 2004).

[22] "Propensity" is defined as "[a]n innate inclination" or "tendency." *The American Heritage Dictionary of the English Language* 1412 (5th ed. 2011). The single incident of alleged violence described in the Complaint is insufficient to show that the guard has an innate inclination towards violence. Furthermore, the incident complained of is not sufficient to show that Defendants should have known of any violent tendencies before the incident occurred.

[23] *See Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (Internal citations omitted)).

The doctrine of respondeat superior is distinguishable from the doctrine of negligent hiring in that the latter imposes liability for the employer's negligence while respondeat superior is a doctrine of vicarious liability that imposes liability on the employer for the negligence of another. To prove negligence on the part of an employer via respondeat superior, a plaintiff must first prove that the employee or agent was negligent.[24] Chambers's Complaint does not include any allegations that the guards owed Chambers a duty of care, nor does the Complaint allege facts explaining the manner in which Chambers believes the guards breached a duty of care. Therefore, Chambers has not properly pleaded a claim of negligence. Because Chambers has failed to state any claims for which this Court can grant relief, this case must be dismissed.

Furthermore, Chambers has shown that ordering her to produce a more definite statement of her claims would be futile, thereby necessitating dismissal with prejudice. "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."[25] Chambers has already amended her Complaint, and although she was aware of Defendants' arguments for dismissal at the time of amendment, Chambers declined to address Defendants' contentions. Instead, Chambers simply altered the name of one of the parties. And when responding to Defendants' motion to dismiss the Amended Complaint, Chambers simply referred the Court to her earlier response without making any statement that would suggest she could cure any further defects in her pleadings. It would therefore be futile for the Court to permit any further amendment. Chambers' claims are therefore dismissed with prejudice.

---

[24] *See Conner v. Janes*, 981 P.2d 1169, 1171 (Kan. 1999).

[25] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

**IT IS ACCORDINGLY ORDERED** this 9th day of May, 2013, that Defendants' Motion to Dismiss Amended Complaint (Doc. 17) is hereby **GRANTED**. Plaintiff's claims are hereby dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 9) is hereby **DISMISSED AS MOOT**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE